UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IGBANIBO NATHAN | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 4:10-CV-1639 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced habeas corpus proceeding pursuant to 28 U.S.C. § 2255 are the following matters: (1) Movant Igbaninbo Nathan's ("Nathan") *pro se* motion to vacate, set aside or correct sentence (Doc. 1 in civil action H-10-1639; Doc. 351 in criminal action H-05-226-7, hereinafter "Doc. 351") claiming ineffective assistance of counsel; (2) the United States's motion to dismiss (Doc. 364 in criminal action H-05-226-7, hereinafter "Doc. 364"); (3) United States Magistrate Judge Frances Stacy's memorandum and recommendation (Doc. 2 in civil action H-10-1060; Doc. 393 in criminal action H-05-226-7, hereinafter "Doc. 393") that the government's motion to dismiss be granted and Nathan's denied; and (4) Nathan's objections (Doc. 403 in criminal action H-05-226-7, hereinafter "Doc. 403"). For the reasons explained below, after conducting a *de novo* review of Nathan's objections, the Court adopts the Magistrate Judge's Memorandum and Recommendation in full and denies and dismisses the § 2255 motion.

**I.     Legal Standard**

Where no timely objections are filed to a magistrate judge's memorandum and recommendation, the district court reviews for plain error. The district court only has to review

the memorandum and recommendation to determine whether it is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert denied*, 492 U.S. 918 (1989). When timely objections are made, the district court "shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). *See Wilson*, 864 F.2d at 1221. Magistrate Judge Stacy's memorandum and recommendation was entered on January 4, 2012. Doc. 393. Pursuant to a request filed on January 17, 2012, Nathan was granted an extension of time, until April 19, 2012, to file objections. Doc. 395 in criminal action H-05-226-7. Nathan timely filed his objections on April 19, 2012. Doc. 403.

      Attached to Nathan's objections is an exhibit that refers to "a list of pertinent and relevant documents unavailable to Movant…[which] are vital and critical to Movant's cause to further prove her [sic] meritorious claims." Doc. 403 at 2, n.2. Nathan requests that the Court take judicial notice of these twenty-one documents, which include numerous defense exhibits and transcripts from Nathan's trial. Nathan offers no specific citations, explanation, or linkage to his objections, but apparently and improperly expects the Court to ascertain if, where, and how the documents might support his objections. Nathan bears the burden of showing by a preponderance of the evidence that he is entitled to relief under 28 U.S.C. § 2255. *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993). Nathan's exhibit fails to meet that burden. Therefore, the Court considers only Nathan's objections. After reviewing the Magistrate Judge's memorandum and recommendation, the Court finds that her presentation of the law regarding ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny is correct.

## II.     Discussion

Nathan's one overarching objection is that he was denied effective assistance of counsel. To support this claim, Nathan cites to three main instances in which he believed his trial counsel was ineffective. Nathan's objections are in essence an attempt to cure the deficiencies identified by Magistrate Judge Stacy in her memorandum and recommendation for denial of the § 2255 motion. The Court has reviewed these objections *de novo* and finds that Nathan has still failed to meet his burden of proof.

First, Nathan claims that his trial counsel failed to investigate improper contact between a juror and a government paralegal that took place in a parking garage. Doc. 403 at 3. Judge Stacy found that the matter was immediately brought to the Court's attention, that neither counsel objected to the conversation because it was not relevant to the trial, and that Nathan did not show any legal basis to object to the contact in light of the limited nature of the conversation. Doc. 393 at 22. Nathan now argues that his trial counsel was ineffective because he did not request a hearing on the matter to determine exactly what the government paralegal and the juror discussed. Doc. 402 at 3. Nathan cites *Remmer v. United States*, 347 U.S. 227 (1954), for the proposition that the trial court should have held a hearing for any unapproved private communication, contact with or tampering with a juror during a criminal trial to determine the impact of such contact because such any occurrence is presumptively prejudicial.[2]

The Fifth Circuit has opined, "A district court has broad discretion in handling allegations of outside influence on the jury." *United States v. Posada-Rios*, 158 F.3d 832, 877 (5th Cir.

---

[2] In actuality, what the Supreme Court stated in *Remmer*, 347 U.S. at 229, was, "In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during a trial *about the matter pending before the jury* is, for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties" (emphasis added by this Court).

1998) (citing *United States v. Ramos*, 71 F.3d 1150, 1153 (5th Cir. 1995) ("We do not understand [*Smith v. Phillips*, 455 U.S. 209, 215 (1982) (holding that "the remedy for allegations of juror partiality is a hearing in which the defendant has an opportunity to prove actual bias")] to require a full-blown evidentiary hearing in every instance in which an outside influence is brought to bear on a petit juror.  Our precedents allow the trial judge the flexibility, within broadly defined parameters, to handle such situations in the least destructive manner.").  In *Ramos*, the panel opined about "the applicable standard of review when the decision of the trial court was to hold no hearing at all,"

> In determining whether to conduct a hearing in a case such as this, the court must balance the probable harm resulting from the emphasis such action would place upon the misconduct and the disruption involved in conducting a hearing against the likely extent and gravity of the prejudice generated by the misconduct.  We, as an appellate tribuna, are in a poor position to evaluate these competing considerations; we have only an insentient record before us.  The trial court is in a far better position to judge the mood at trial and the predilections of the jury.  The trial court, therefore, must enjoy a broad discretion in these matters.
> We perceive no reason why this standard should not apply equally to the review of a trial judge's decision to limit the scope of a hearing.  Jury intrusions may range from petty, *de minimis* incidents to outrageous conduct.  In granting a broad discretion to the trial judge, we acknowledge and underscore the obvious, that the trial judge is in the best position to evaluate accurately the potential impact of the complained-of outside influence.  We therefore hold that the above quoted standard is applicable herein.

*Ramos*, 71 F.3d at 1153-54.  *In accord United States v. Smith*, 354 F.3d 390, 394 (5th Cir. 2003). Nathan did not show before the Magistrate Judge, and does not show here, that there was any legal basis for an objection to the trial court's decision not to hold a full blown hearing, nor to challenge the failure to object by counsel, nor any evidence that the challenged conversation dealt with a matter in the trial.  His accusations are wholly speculative.  Thus, his objection is overruled.

Next, Nathan alleges that his trial counsel was ineffective due to his failure to review

documents and interview witnesses on the government's witness list. Doc. 403 at 3. He claims that trial counsel's proper review of these documents would have revealed that "many witnesses that were employed at Chicago Title that would have given [trial counsel] information and [would have] testified about Steve Williams and others. Their testimony would have proved that the government knew and allowed Steve Williams to commit perjury." Doc. 403 at 4-6. Nathan also alleges that trial counsel failed to investigate the facts that his wife, Yerisoibi Hamilton, brought to the attention of her attorney with regard to Steve William's alleged perjury during his trial testimony. Doc. 403 at 4.

As to Nathan's claim that his trial counsel failed to review the government's documents, Magistrate Judge Stacy found that Nathan failed to specify the documents to which he was referring and failed to substantiate his claim that those documents were exculpatory. Doc. 393 at 21. The memorandum and recommendation stated, "Trial counsel's thorough examination of the Government's witnesses shows his familiarity with the exhibits including the bank files, and the procedures of title offices such as Chicago Title and for obtaining SBA loans." Doc. 393 at 21. As to Nathan's claim that trial counsel failed to examine witnesses, Judge Stacy wrote in the memorandum and recommendation that "the record shows that the 'Chicago Title Order' was the subject of a Motion in Limine." Doc 393 at 21. In the motion, trial counsel argued that he should be allowed to question Steve Williams regarding the consent order that Chicago Title entered into with the State and the Office of the Comptroller of the Currency. Doc. 393 at 21.

To show ineffective assistance of counsel based on counsel's failure to investigate, a movant must "allege with specificity what the investigation would have revealed and how it would have altered the outcome of trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Nathan's conclusory statements are insufficient to meet this standard, and as Judge Stacy

noted, trial counsel's thorough examination of the government's witnesses showed the he was familiar with the government's exhibits.  Ineffective assistance of counsel allegations based on failure to call witnesses are "not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2005), *citing Bray v. Quarterman*, 265 Fed. Appx. 296, 298 (5th Cir. 2008).  Therefore, a person seeking relief under § 2255 "must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony and show that the testimony would have been favorable to a particular defense." *Id.* Nathan has not named any of the witnesses whom he contends his attorney should have interviewed and called to testify at trial by name.  Nor has he offered any affidavits or other evidence that these witnesses were available and willing to testify and, more importantly, that their testimony would have been favorable to him.  *See, e.g., Kaiser v. Stephens*, No. 3:12-CV-2142-B, 2012 WL 4000307, at *4 (N.D. Tex. 2013).  Since Nathan cannot specify what government documents or witnesses would have been revealed through a more thorough pretrial investigation, his objections are overruled.

Finally, Nathan claims that his trial counsel was ineffective in his assistance at sentencing due to his failure to have the subject properties appraised prior to trial and his failure to request credit for the amount of funds Nathan expended on improvements to the properties and mortgage payments.  Doc. 403 at 4.  He claims that an up to date appraisal would have established a lower value and would have resulted in a reduced sentence.  Doc. 403 at 4.  With this claim, Nathan attempts to raise sentencing guidelines issues under the guise of ineffective assistance of counsel. As Magistrate Judge Stacy explained, Nathan was not entitled to relief on his claim that the loss

calculation methodology was wrong because he raised the issue on direct appeal. Doc. 393 at 24-25. The Fifth Circuit Court of Appeals concluded that his challenge to the methodology was without merit and that there had been no error by reliance on the 1998 selling price in the absence of an appraisal." Doc. 393 at 25. It is well settled that "issued raise and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *U.S. v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986), *cert. denied*, 476 U.S. 1118 (1986); *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997). Therefore, Nathan's objection to the Magistrate Judge's ruling on this claim is also overruled.

### III.    Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that that Movant's motion to vacate, set aside, or correct sentence is DENIED and the civil action is DISMISSED with prejudice.

Under 28 U.S.C. § 2255(c)(1)(B), "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." *See also* Federal Rule of Appellate procedure 22(b)(1)("If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."). Furthermore, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Nathan has failed to do so here. A district court may deny a certificate of appealability *sua sponte*. *Haynes v. Quarterman*, 526 F.3d 189, 193 (5th Cir. 2008), *citing Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons stated above, the Court concludes that Nathan has

failed to make a substantial showing of a denial of effective assistance of counsel under the Sixth Amendment and therefore

ORDERS that a certificate of appealability is DENIED.

SIGNED at Houston, Texas, this 15th day of January, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE